DECISION
This is an appeal by defendant-appellant, Stor and Sell, Inc., from a judgment of the Franklin County Municipal Court, finding defendant guilty of violating R.C. 4517.02(A)(6).
On December 4, 2000, defendant was charged by plaintiff-appellee, State of Ohio, with providing a location or space for the sale of motor vehicles at a flea market without obtaining a license as a dealer, in violation of R.C. 4517.02(A)(6). On April 3, 2001, the parties entered into an agreed statement of facts and stipulations, which provided in relevant part:
 * * * Stor and Sell, Inc., has not obtained a license as a dealer under sections 4517.01 to 4517.45 of the Revised Code.
* * *
 * * * Stor and Sell, Inc., conducts its business from a building constructed for the purpose of renting storage space to individuals as well as offering space where individuals may display vehicles for sale.
 * * * Approximately 60% of the vehicles on the premises of Stor and Sell, Inc. are being stored and approximately 40% of the vehicles on the premises are being stored and offered for sale by their owners, on any given day.
 * * * Before entering into a contract for the rental of space to display a vehicle for sale, Stor and Sell, Inc., requires the prospective seller to provide Stor and Sell, Inc. with proof of good title to the vehicle to be displayed.
 * * * For those individuals to whom it rents space to display vehicles for sale, Stor and Sell, Inc., and its agents play no part in the transaction of sale.
 * * * Vehicles offered for sale by individuals on the premises of Stor and Sell, Inc. have attached to them specification sheets which list the features of the vehicle, the offering price and a means to contact the seller, so prospective purchasers have no need to contact Stor and Sell, Inc., or its agents.
Defendant argued before the trial court that it did not fall within the purview of R.C. 4517.02(A)(6) on the basis that it does not function as a motor vehicle dealer, and that it does not operate a flea market open to the public. On September 7, 2001, the trial court filed an entry finding defendant guilty of violating R.C. 4517.02(A)(6), and the court entered a fine against defendant.
On appeal, defendant sets forth the following two assignments of error for review:
 I. The trial court erred in convicting Stor Sell under R.C. 4517.02(6), because Stor Sell is not properly subject to the statute and because the conviction was based upon a revocation that was itself based on inapplicable grounds.
 II. The trial court erred in convicting Stor Sell under a licensing scheme requiring that auto flea markets have dealer's licenses, because that licensing scheme and the application thereof to Stor Sell on these facts violates the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 10 and 16 of the Ohio Constitution.
Under the first assignment of error, defendant asserts that its conviction under R.C. 4517.02(A)(6) was improper because it is not a flea market subject to the statute and because the conviction was pursuant to a flawed, prior revocation of defendant's dealer license.
As noted, defendant was charged with violating R.C. 4517.02(A)(6), which provides in relevant part as follows:
 (A) Except as otherwise provided in this section, no person shall do any of the following:
* * *
 (6) Make more than five casual sales of motor vehicles in a twelve-month period, commencing with the day of the month in which the first such sale is made, nor provide a location or space for the sale of motor vehicles at a flea market, without obtaining a license as a dealer under sections 4517.01 to 4517.45 of the Revised Code[.] * * *
Pursuant to R.C. 4517.01(U), a "flea market" is defined to mean "a market place, other than a dealer's location licensed under this chapter, where a space or location is provided for a fee or compensation to a seller to exhibit and offer for sale or trade, motor vehicles to the general public."
In the present case, based upon the stipulated facts, the trial court found that defendant does not have a license, that it rents space to individuals to exhibit or offer motor vehicles for sale, and that the vehicles displayed on defendant's premises by individuals entering into rental contracts with defendant are offered for sale to the general public. The trial court concluded that defendant's business is a "flea market" as defined in R.C. 4517.01(U), and that defendant was subject to the licensure requirements of R.C. 4517.02(A)(6).
Defendant contends in its appellate brief that it is not a "flea market" in the commonly understood sense of the term. Specifically, defendant defines the term to mean a "temporary, often traveling, operation in which people regularly engage in retail sales" by setting up booths or tables to sell merchandise they have acquired.
At the outset, we agree with the state's contention that the legislature was free, within reason, to define a term in a manner that might vary from its traditional meaning. We note, however, defendant has cited no authority indicating that a flea market location is, by definition, necessarily transient in nature, and the state points out that there are numerous permanent flea market locations in the state. In our view, to the extent that a flea market is deemed transient, such characterization does not pertain to the location of the market itself, but, rather, to the vendors who sell goods at such a setting, and it is this fact that appears to be the focus of the statutory provision at issue.
It has been held that "[t]he obvious purpose of the regulations covering automobile dealers is to eliminate fraud, or the opportunity for fraud, in the sale of motor vehicles to consumers." Auto Reality, Inc. v. Brown (1971), 27 Ohio App.2d 77, 81. In North Dixie Theatre, Inc. v. McCullion (S.D.Ohio 1985), 613 F. Supp. 1339, the court had occasion to construe the intent of R.C. 4517.02(A)(6). In that case, the plaintiff, prior to the enactment of the statute, had operated a flea market for years and rented space to customers so they could sell vehicles. Following enactment of the statute, plaintiff challenged the requirement that it now obtain a license. In rejecting plaintiff's equal protection challenge to R.C. 4517.02(A)(6), the court in North Dixie discussed the purpose of the licensing requirement, noting that "with a flea market, one of Plaintiff's patrons will sell his or her car and be gone," while "Plaintiff is the only long-term presence to whom a customer may be able to look." Id. at 1348. Thus, the court noted, "the State of Ohio requires a licensing of the party to each lease arrangement who will be available for the purchaser of a car to look for satisfaction." Id.
In the present case, we find that the trial court did not err in applying the definition set forth in R.C. 4517.01(U) in concluding that defendant's business is a "flea market." Here, the stipulations before the trial court included findings that defendant has not obtained a license as a dealer under R.C. Chapter 4517, that "40%" of the vehicles on the premises are being stored and offered for sale by their owners on a given day, and that the prospective seller enters into a contract with defendant to rent space to sell vehicles. Upon review, we conclude that there was evidence upon which the trial court could have reasonably concluded that defendant's business involves a market place where space is provided for a fee to a seller to exhibit and offer for sale motor vehicles to the general public.
Defendant also contends that its conviction was based upon a flawed revocation. Specifically, defendant argues that it previously possessed a license, but that such license was revoked by the licensing board pursuant to R.C. 4517.03(C) for "noncompliance with rules requiring anyone with a dealer's license to have a dealership separated from his self-storage business, to have a licensed attendant available at all times, and to be actually engaged in the business of selling, displaying for sale, or dealing in motor vehicles." (Brief of Defendant at 13.) Defendant maintains that the licensing board's prior revocation of its dealer's license based upon an alleged violation of R.C. 4517.02(C), in which defendant was described as a "used motor vehicle dealer," precluded the trial court in the instant case from concluding that it is a flea market.
As noted by the state, however, there was no evidence in the record before the trial court relating to a prior dealer's license revocation hearing. Rather, the evidence before the trial court only indicated, based upon stipulations entered by the parties, that "Stor and Sell, Inc., has not obtained a license as a dealer under sections 4517.01 to4517.45 of the Revised Code." Defendant's argument regarding a prior revocation proceeding is dependent upon facts that were not submitted to the trial court and are not part of the record, and therefore "cannot be considered for the first time on appeal." State v. Eichner (1999), Lucas App. No. L-98-1370. Rather, "[a]n appellate court can only review matters which were part of the proceedings of the trial court and cannot review matters added to the record for the first time on appeal." Id.
Based upon the foregoing, defendant's first assignment of error is without merit and is overruled.
Under its second assignment of error, defendant challenges the statutory licensing scheme as violative of equal protection and due process rights.
A review of the record indicates that in the proceedings before the trial court, defendant failed to challenge the constitutionality of the dealer-licensing scheme. In general, the question of the constitutionality of a statute must be raised at the first opportunity, and an appellate court is permitted to disregard constitutional challenges raised for the first time on appeal. State v. Tabac (1995), Trumbull App. No. 94-T-5134. Having failed to raise this issue before the trial court, we conclude that defendant has waived redress of that claim on appeal. Accordingly, defendant's second assignment of error is overruled.
Based upon the foregoing, defendant's first and second assignments of error are overruled and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.